CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
NOV 20 2013
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| MARCUS TUCKER, | ) | Civil Action No. 7:13-cv-00507 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| VADOC, et al., | ) | By: Hon. Jackson L. Kiser |
| Defendants. | ) | Senior United States District Judge |

Marcus Tucker, a Virginia inmate proceeding pro se, filed a "Petition and Ad Damnum For Civil Action," which the court construes as civil rights Complaint pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1331 and § 1343. Plaintiff seeks $3,000,000 from defendants: the Virginia Department of Corrections ("VADOC"); the VADOC Western Regional Office and its administrator, George Hinkle; VADOC District #15; and parole officers Susan Flanigan and John Reed. This matter is before me for screening, pursuant to 28 U.S.C. § 1915A. After reviewing Plaintiff's submissions, I dismiss the action without prejudice as barred by Heck v. Humphrey, 512 U.S. 477 (1994).

Plaintiff's monetary demand stems from his belief that his recent incarceration imposed by a state court for violating terms of probation is due solely to Flanigan's and Reed's malicious prosecution and false accusations. Plaintiff asserts that he is factually innocent of violating terms of probation and that the state court should not have revoked probation and incarcerated him. It is well settled that a § 1983 claim cannot succeed where a monetary judgment in an inmate's favor would necessarily demonstrate the invalidity of confinement. Heck, 512 U.S. at 486-88. Awarding Plaintiff $3,000,000 for his re-incarceration despite not violating a court order requires finding the revocation order was unlawfully imposed, and Plaintiff does not describe how the

proceeding for which he seeks compensation has ended favorably to him.¹ See id. at 487 (noting favorable termination occurs when the conviction or sentence has been reversed on direct appeal, expunged by executive order, or declared invalid by a state tribunal or federal court and is necessary before proceeding via § 1983). Accordingly, Plaintiff presently fails to state a claim upon which relief may be granted, and the action is dismissed without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1).

ENTER: This 20th day of November, 2013.

Senior United States District Judge

---

¹ Furthermore, Plaintiff fails to state a claim about any defendant other than Flanigan and Reed. The VADOC, its Regional Office, and District #15 are not persons for purposes of § 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 70 (1989) (stating that states and governmental entities that are considered arms of the state are not "persons" under § 1983). Plaintiff does not allege any act or omission by George Hinkle, and he does not describe any basis for supervisory liability. See Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994) (describing supervisory liability); see also Monell v. Dep't of Soc. Servs., 436 U.S. 658, 663 n.7 (1978) (stating respondeat superior is not permissible via § 1983). Moreover, none of the Defendants are responsible for the living conditions at the Roanoke City Jail that Plaintiff describes in a letter.